### AFFIDAVITS IN REPLEVIN.

Common Pleas Court of Hamilton County.

THE LYRIC PIANO COMPANY v. W. H. BLINN & COMPANY.

Decided, October, 1912.

*Replevin—Affidavit Rendered Void by Being Sworn to Before Plaintiff's Attorney as Notary—Sections 10462, 11524, 11532 and 11356.*

The making of an affidavit in replevin before the attorney for the plaintiff as notary renders the affidavit void, and a writ based upon an affidavit so made must be dismissed.

*Simeon M. Johnson,* for the motion.
*Bates & Meyer,* contra.

DICKSON, J.

This is an action in replevin here on an appeal from the justice's court. From the evidence it appears, and the court so finds, that the notary who swore the plaintiff to the affidavit was, at the time of the swearing, its attorney.

The defendant claims and so moves that the action be dismissed because the affidavit, the foundation of the writ of replevin, is void, and thus all of the proceedings thereafter and here are void for want of jurisdiction in the premises, and cites General Code, Section 10462:

"An action for the replevin of property shall be brought by filing in the office of a justice an affidavit  *  *  *  showing," etc.

General Code, Section 10481:

"If a justice of the peace issues a writ to replevin property, as is provided by this chapter, without the proper affidavit being filed in his office, the writ shall be set aside at his costs and he shall be liable in damages to the party injured."

Also, *Levitt & Mulroy Co. v. Rosenberg Bros. Co.,* 83 O. S., 230;

Syl. 3.   "An affidavit in attachment can not be made before a notary public who is the attorney for one of the parties in the action."

At page 239:

"Section 5264, Revised Statutes (General Code, Section 11524), provides that an affidavit may be made before any person authorized to take depositions.   Section 5271, Revised Statutes (General Code, Section 11532), provides that the officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding.   Section 5107, Revised Statutes (General Code, Section 11356), provides that the affidavit verifying the pleading may be made before any person authorized to administer oaths, whether an attorney in the case or not.   An affidavit is a written declaration under oath, made without notice to the adverse party, and in view of the very important purposes for which it may be used it would seem that it is just as important that the officer before whom it is made should be disinterested as it is in the taking of a deposition for which notice is required."

And then further, after declaring against amendments, etc., to an affidavit, the court say, at page 241:

"Moreover, if the amendment had been made, still the affidavits would have been fatally defective on the ground that they were made before the attorney."

This court does not see why the reasoning as to an affidavit in attachment should not apply with full force to an affidavit in replevin, hence, holds that the affidavit in this action is a nullity and the writ must be dismissed.

This court is also asked to declare the chattel mortgage in this case void because the affidavit is sworn to before a Kentucky notary.   This is a serious question, but the court having held that the writ in this case is void, it is not necessary, at least, now, to pass on this question.